UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HUBERT THOMPSON, | : | |
| Plaintiff, | : | |
| | : | CASE NO. 3:15-cv-01742-VLB |
| v. | : | |
| | : | |
| JAMES C. ROVELLA, ET AL., | : | |
| Defendants. | : | August 1, 2017 |
| | : | |

## MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION [DKT. 35]

Presently before the Court is Plaintiff's February 21, 2017 Motion for Reconsideration of this Court's February 14, 2017 Ruling and Order granting the Defendant's Motion to Dismiss.[1] Although the initial complaint alleged claims for civil rights violations under 42 U.S.C. § 1983, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence, Plaintiff only moves to reconsider the malicious prosecution claim asserted under § 1983. The Court presumes familiarity with the facts and procedural history. For the foregoing reasons, the Court DENIES the Motion for Reconsideration.

I. Legal Standard

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A.

---

[1] Defendants timely filed their Opposition to the Plaintiff's Motion to Dismiss on March 13, 2017. *See* [Dkt. 36]. Although Plaintiff filed his Reply after the 14-day deadline prescribed by Local Rule 7(d), the Court considered the Reply in making its decision and grants Plaintiff's Motion for Leave to File Late Brief, [Dkt. 37], concurrent with this decision.

1

Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Reconsideration should be granted only when a "party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion for reconsideration "where the moving party seeks solely to relitigate an issue already decided," *id.*, or where the moving party seeks "to plug gap[s] in an original argument or to argue in the alternative once a decision has been made," *Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). *See Virgin Atl. Airways*, 956 F.2d at 1255 (noting that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again") (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Division*, 327 F.2d 944, 953 (2d Cir. 1964)). Ultimately, however, the question is a discretionary one and the Court is not limited in its ability to reconsider its own decisions prior to final judgment. *See Virgin Atl. Airways*, 956 F.2d at 1255.

II. <u>Analysis</u>

Plaintiff seeks reconsideration of the malicious prosecution claim on two grounds. First, Plaintiff requests that the Court reconsider its ruling on the grounds of correcting clear error or preventing manifest injustice. *See* [Dkt. 35-1 (Mot. Reconsideration) at 2-3]. Second, Plaintiff argues the Court should revisit its equitable tolling decision. *Id.* at 6. The Court addresses each argument in turn.

### A. *Plaintiff Fails to Establish Clear Error or Manifest Injustice*

Plaintiff claims that the Court overlooked the issue of probable cause as it impacts the accrual date for a malicious prosecution claim. *See id.* at 2. As a preliminary matter, it must be noted that Plaintiff's opposition to Defendants' Motion to Dismiss does not advance this theory. Courts are neutral arbiters of the law and facts presented by the parties, not litigators. It is not the responsibility of the Court to conceive legal theories and advance legal arguments on behalf of a party. Instead ours is an adversarial system in which the role of the Court is to rule on the issues raised by the parties based on the competing arguments advanced by the parties.

Nevertheless, had Plaintiff done so, that argument would not have altered the Court's ruling. Probable cause, as Plaintiff rightly points out, is the third element in a malicious prosecution claim under Connecticut state law.[2] However, a plaintiff must file an action in which to prove the elements of his claim within the time dictated by applicable law. "Federal law governs the question of when a federal claim accrues," *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003), and for § 1983 malicious prosecution cases the absence of probable cause is not a factor in determining the cause of action's accrual date, which is when the

---

[2] To prevail in a § 1983 malicious prosecution case, Plaintiff must establish the elements under state law. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). The four elements in a malicious prosecution are: "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *See* [Dkt. 35-1 at 3 (citing *Brooks v. Sweeney*, 299 Conn. 196, 211 (2010); *Zenik v. O'Brien*, 137 Conn. 592, 595 (1951))].

statute of limitations begins to run and the consequent deadline by which a suit must be brought. The analysis is instead centered on whether "the criminal proceedings have terminated in the plaintiff's favor. . . ." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The Court relied upon this rule in its initial decision on Defendants' Motion to Dismiss and sees no reason to reconsider.

A recent Second Circuit decision clarifies when a § 1983 malicious prosecution claim accrues. Subsequent to this Court's decision on Defendants' Motion to Dismiss, the Second Circuit in *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017), addressed the "accrual date" in a malicious prosecution case and reiterated that "'favorable termination' does not occur until the prosecution against the plaintiff has 'conclusively' ended." *Id.* (citing *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995)). *Spak* is particularly relevant to this case for two key reasons.

The first reason is the Second Circuit in *Spak* provided additional guidance as to the meaning of "favorable termination" in the context of a *nolle prosequi* entry under Connecticut law, which it ruled as a general matter constitutes a "favorable termination." *See Spak*, 857 F.3d at 463-64. An entry of *nolle prosequi* terminates a "particular prosecution against the defendant" but allows the prosecutor to initiate a second prosecution at any point before the time expiration period. *Id.* at 463. Even though "a *nolle prosequi* is not the equivalent of a dismissal of a criminal prosecution with prejudice, because jeopardy does not attach," it is nonetheless a "favorable termination" because that particular prosecution ends. *Id.* The Second Circuit went on to say that

> [s]o long as a particular prosecution has been "conclusively" terminated in favor of the accused, such that the underlying

> indictment or criminal information has been vacated and cannot be revived, then the plaintiff has a justiciable claim for malicious prosecution. At that point, all of the issues relevant to the claim—such as malice and lack of probable cause—are ripe for adjudication.

*Id.* (internal citations omitted). In other words, the merits of the case, which include the question of probable cause, are not ripe for adjudication and shall not be considered unless it can be determined that the action "terminated in favor of the accused." Probable cause is therefore not relevant to determining the cause of action accrual date under federal law following a *nolle prosequi*.

Here, it is undisputed in this case that all charges against Thompson were dismissed on July 19, 2012. *See* [Dkt. 1 (Compl.) ¶ 67]. The dismissal of criminal proceedings constitutes "favorable termination." *See, e.g., Murphy*, 53 F.3d at 548 (finding a dismissal of criminal proceedings on speedy trial grounds to be "conclusively terminated"); *McFadden v. Kralik*, No. 04 Civ. 8135(RCC)(JCF), 2007 WL 924464, at *5 (S.D.N.Y. Mar. 28, 2007) ("The plaintiff's malicious prosecution claim accrued on August 28, 1996, when the criminal charges against him for attempted escape, possession of prison contraband, and criminal mischief were dismissed."). Were there to be any doubt, certainly the Second Circuit's ruling that a *nolle prosequi* entry is a "favorable termination" supports a finding that a dismissal is "favorable termination" as well. The Court previously noted that Plaintiff cannot rely on the Attorney General's letter that it would not challenge his innocence in the civil proceeding before the Claims Commissioner, because the Attorney General does not have authority over the criminal proceeding. *See* [Dkt.

5

33 (Decision on Mot. Dismiss) at 9-10 (citing Conn. Gen. Stat. § 3-125)].[3] Plaintiff has provided no reason to question this finding.

The second reason why *Spak* is particularly relevant to this reconsideration decision is because the Second Circuit addressed the confusion about applying federal law versus state law in the context of the "favorable termination" analysis. The Second Circuit recognized that "[t]he fact that the [procedural] accrual of Section 1983 claims is analyzed under federal common law, while the merits of those claims are analyzed under the law of the state where the tort occurred, has led to some confusion concerning the standards used to define a 'favorable termination' in the malicious prosecution context." *Spak*, 857 F.3d at 462. Namely, even though "favorable termination" appears both in the procedural accrual date analysis and the substantive element of the tort claim, courts must still adhere to the rule that federal law applies to the procedural accrual date and state law applies to the merits. *Id.* at 463. Courts should not conflate the two when analyzing case law to reach the proper decision. *Id.* at 462-63.

This distinction is relevant here. Plaintiff correctly cited Connecticut state law when he set forth the elements required to establish the merits of a malicious prosecution claim in the Motion for Reconsideration. *See* [Dkt. 35-1 at 3 (citing

---

[3] Plaintiff also argues that he could not have asserted this § 1983 malicious prosecution claim prior to asserting his wrongful prosecution claim before the Claim Commission under Conn. Gen. Stat. § 54-102uu, which allows a person to receive compensation for wrongful termination where "[s]uch person's conviction was vacated or reversed and . . . the complaint or information dismissed on *grounds of innocence*. . . ." (emphasis added). Innocence is not an element in a § 1983 malicious prosecution claim and would not be required to prevail in this case. *See Brooks v. Sweeney*, 299 Conn. 196 (2010). Therefore, this argument is unavailing.

6

*Brooks*, 299 Conn. at 210-11]. However, the key issue addressed in the Motion to Dismiss was a federal procedural issue, namely the date by when the case had to be filed under the applicable statute of limitations, not the substantive elements of a claim which have to be proved by establishing the elements of the claim prescribed in the state statute.

Plaintiff incorrectly relies on Connecticut state law to define the accrual date, as he cites *Burke v. Klevan*, 130 Conn. App. 376, 381 (Conn. App. Ct. 2011) and states that "[a] cause of action does not accrue for the purposes of a statute of limitations until all elements are present. . . ." *Id.* at 4. Such language is clearly different from the federal standard and understandably could lead a plaintiff to believe the absence of probable cause must be necessary for the cause of action to accrue. The Court also notes that to the extent it cited two state cases as examples of dismissals constituting "favorable termination," the intent was to provide additional support for the federal law relied on by the Court and not to suggest that state law applied.

Accordingly, the Court finds that it did not err in applying federal law to determine the accrual date for Plaintiff's cause of action. Plaintiff did not timely file his § 1983 malicious prosecution claim and reconsideration is not appropriate here on these grounds.

  B. *Equitable Tolling*

Plaintiff also argued that equitable tolling should apply in both the Opposition on the Motion to Dismiss and the Sur-Reply brief. Plaintiff posited that Defendants had a statutory duty to inform Plaintiff of exculpatory information

under Conn. Gen. Stat. § 54-86c(e)[4], the United States Constitution, and the Constitution of the State of Connecticut, and that the wrongful withholding of such information constituted an "extraordinary circumstance" warranting equitable tolling. See [Dkt. 27 (Opp'n Mot. Dismiss) at 6]. The Court in its initial decision found that equitable tolling was not appropriate because, even if assuming evidence was wrongfully withheld in his criminal case, the statute of limitations began to run after the information was withheld and after Plaintiff was exonerated. See [Dkt. 33 at 15-16].

Plaintiff does not challenge the Court's decision on these grounds. Rather, Plaintiff argues in the Motion for Reconsideration that he "did not have a cause of action until [receiving] the letter from Assistant Attorney General Matthew B. Beizer dated January 2, 2014" or that "[a]lternatively, if he did, until that letter it was not known to the Plaintiff. . . ." [Dkt. 35-1 at 6]. He also argues in the Reply that a prosecutor has wide discretion not to pursue a case and could have elected to dismiss the case for any number of reasons other than the absence of probable cause. See [Dkt. 37-1 at 3-4].

These arguments go to the merits of Plaintiff's malicious prosecution claim, which the Court did not reach because the case was time-barred. Nor do they raise any intervening changes in controlling law, new evidence, or the need to correct clear error or prevent manifest injustice, warranting reconsideration. See *Virgin Atl. Airways*, 956 F.2d at 1255. As the Court stated in its initial decision, the fact that

---

[4] Plaintiff's citation of subsection (e) of Conn. Gen. Stat. § 54-86c appears to be a typographical error based on the fact that it does not appear in the present statute and the Court's review of the legislative history.

**Plaintiff filed a claim for compensation for a civil wrong with the Claims Commissioner indicates that he was aware he had a civil cause of action against the State of Connecticut arising out of his prosecution.** *See* **[Dkt. 33 at 16]. The Court reiterates that Plaintiff's awareness about the absence of probable cause is irrelevant to the accrual date for his cause of action. Accordingly, equitable tolling is inappropriate here.**

### III. <u>Conclusion</u>

**For the aforementioned reasons, the Court DENIES Plaintiff's Motion for Reconsideration.**


**IT IS SO ORDERED.**

                                         /s/
                                    **Vanessa L. Bryant**
                                    **United States District Judge**

**Dated at Hartford, Connecticut, August 1, 2017.**